## PATRICK FINN.

v.

## JOHN FINN.

PLEADING.—To an action declaring in the common counts for money paid, etc., the defendant pleaded that the supposed cause of action was for a one-third part of certain judgments paid by plaintiff, which judgments were rendered against said defendant and others in vacation upon certain promissory notes with warrants of attorney, and that at the time of executing the notes and warrants of attorney the defendant was a minor, etc. *Held*, LELAND, J., dissenting, that the declaration being upon an implied promise to pay his proportion of such judgments the plea was a sufficient answer to the declaration, though not averring infancy at the time of the promise alleged in the declaration.

ERROR to the Circuit Court of La Salle county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed May 2, 1879.

Mr. G. S. ELDREDGE, for plaintiff in error: That a power of attorney executed by an infant is voidable merely, cited Hastings v. Dollarhide, 24 Cal. 195; Hardy v. Waters, 38 Me. 450; Kemp v. Cook, 18 Md. 139; Ashton v. Langton, 30 E. C. L. 567; Cole v. Pennoyer, 14 Ill. 158; Reid v. Degener, 82 Ill. 508; Tyler on Infancy and Coverture, § 18.

In some cases it has been held void: Saunderson v. Marr, 1 H. Bl. 75; Knox v. Flack, 22 Penn. 33; Fonda v. Van Horne, 15 Wend. 403; Laurence v. McArter, 10 Ohio 37; Bennett v. Davis, 6 Cow. 393.

As to the force and effect of judgments by confession: Lake v. Cook, 14 Ill. 353; Bush v. Hanson, 70 Ill. 480; Osgood v. Blackmore, 59 Ill. 261.

A plea of infancy is a personal one and may be waived; Blake v. Douglass, 27 Ind. 416; Simmóns v. McKay, 5 Bush. 25; Beaubien v. Hamilton, 3 Scam. 215; Mains v. Cosner, 62 Ill. 465; Freeman on Judgments, 39, 102, 151.

Messrs. Richolson & Snow, for defendant in error; as to the contracts of infants, cited Metcalfe on Contracts, 111; Robeson v. Works, 56 Me. 102; Addison on Contracts, 113.

A judgment rendered by a court without having jurisdiction of the person is void: Wimberly v. Hurst, 33 Ill. 166; Wight v. Wallbaum, 39 Ill. 555; Eltson v. Chicago, 48 Ill. 514; Mulford v. Stalzenbach, 46 Ill. 303; Huls v. Buntin, 47 Ill. 396; White v. Jones, 38 Ill. 160; Miller v. Handy, 40 Ill. 449; Campbell v. McCahan, 41 Ill. 46; Goudy v. Hall, 30 Ill. 109; Clark v. Little, 41 Iowa, 497; McAuley v. Hargroves, 48 Ga. 50.

Leland, J., dissenting.    To a declaration containing the common counts, of which the one in the usual form for money paid, laid out and expended, is the only one it is necessary to notice, the following plea was pleaded among others:

2. "And for a further plea in this behalf, defendant says *actio non*, because he says that this suit is brought for the sole and only purpose of recovering from this defendant the one-third part of two certain judgments alleged to have been recovered in the County Court of this county, in vacation after December term, A. D. 1867, against said plaintiff, which said judgments plaintiff claims to have paid and satisfied in full.    Defendant avers that both of said judgments were entered up by the clerk of said court in the vacation after the said December term, 1867, without any service of process against this defendant, or of notice of any kind whatever by virtue of, or by the supposed authority of two certain promissory notes, with a power of attorney attached to each of said notes; said notes being what are known and described as judgment notes, in and by which the makers thereof assume to waive service of process, and to authorize any attorney-at-law to confess judgment in any court of record, either in term time or in vacation, in favor of the

payees or the assignees thereof for the amount of such notes respectively and for certain attorney's fees; which said notes and each of them, were executed by plaintiff, one Richard Finn, and this defendant.    And defendant avers that at the time he executed said notes and powers of attorney, and each of them, he was an infant under the age of twenty-one years, to wit: of the age of eighteen years, to-wit: at the county aforesaid; and defendant therefore avers that said notes and the powers of attorney attached thereto, and the said judgments rendered thereon, were and are, as to this defendant, absolutely void in law; and this defendant is ready to verify; wherefore he prays judgment, etc."

There was a bill of particulars filed by plaintiff, describing the judgments paid by him, as having been rendered against him, and defendant and another person, and claiming one-third of the defendant, and the plea seems to be not only to the declaration but also to the bill of particulars, and is hardly intelligible without the latter.    The bill of particulars, however, describes three judgments, the plea mentions two only.

There was a demurrer overruled to the plea, and judgment for the defendant, which plaintiff seeks to reverse.

Without examining the question whether the judgments mentioned in the plea should be considered valid until reversed or vacated or absolutely void, but treating them as absolutely void, and a payment of them as a mere payment of the notes it seems to me that this plea instead of presenting a defense to the money paid on the judgments admits a cause of action. It is not denied and, therefore, it is admitted that at the time when the promises in the declaration mentioned were made the defendant was an adult.    " No distinction exists in pleading between an implied promise and an express one.    It is true that in evidence the law in many cases implies from certain facts that a promise has been made, but in pleading, the supposed promise itself should be alleged. " 1 Chitty's Pl. 302. It may, therefore, be safely said that all alleged promises should always be considered express ones and admitted as such.

The allegation, therefore, in the declaration is that plaintiff paid the judgments, or amount due on the notes, at the request

of a then adult defendant, who was one of the three makers of the notes, and that thereupon this adult defendant expressly promised plaintiff to pay him one-third of the amount paid. There is not only no statement in the plea that " defendant at the time of making the said several supposed promises and undertakings in the declaration mentioned was an infant," etc., as in the form, 3 Chitty's Pl. 909, but it substantially appears, on the face of the plea, that defendant was then an adult.

In pleading in suits at law, however, that which is not denied is admitted. It is therefore admitted that the promise in the declaration was an express one of an adult defendant. There is not even an argumentative denial of the promises of the defendant to pay plaintiff the one-third of the money paid on the judgments, by stating that those in the promissory notes were the only promises made by defendant. Of what consequence is it then whether the defendant was a minor or not at the time of the making of the promissory notes? His express promise as an adult to pay the one-third which, at his request the plaintiff had paid for him, was as valid to plaintiff surely as an express promise to a payee by an adult to pay a note which he had given while a minor would be to such payee.

Would a repetition of these admitted facts in a replication, make plaintiff's case any better? What is the necessity for the same party saying the same thing twice? Would the following replication by plaintiff be any better than the allegations in the declaration: " *Preclidi non,* because he says that said defendant, after he became twenty-one years of age, requested the plaintiff to pay for him the one-third, etc.; that plaintiff did so at such request, and that thereupon the defendant expressly promised to pay him the amount thus paid." It seems to me that upon the well settled rules of pleading, conceding the declaration and plea both to be true, nothing was left to be done, if there were no other issue, except to assess the plaintiff's damages as to the amount paid for defendant by plaintiff on the judgments.

It may be that the statement in the plea " that this suit is brought for the sole and only purpose of recovering from this defendant the one-third part of two certain judgments, etc.,"

amounts to an argumentative general issue to all the other counts, and to all causes of action which might be shown under the money paid, laid out and expended count, except the money paid by plaintiff on the judgments, which would have required the plea to have been specially demurred to for duplicity.   1 Chitty, Pl. 528.   If the above statement in the plea be equivalent to the usual one that it was plaintiff's only cause of action, but which is not really said, then it would be argumentatively saying that defendant did not undertake and promise, except to pay the amount paid by plaintiff on the judgments, and would, *pro tanto*, be a general issue to the declaration.

If plaintiff, instead of conceding the plea to be true by demurring, had put in the foregoing special replication, and having other causes of action had desired to add a *similiter* to the general issue part of the plea, it perhaps would have been as artistic as the plea to have said " as to so much of said plea as amounts to the general issue, and of which defendant may be supposed to have put himself upon the country, plaintiff doth the like."

For the reasons aforesaid I think the demurrer should have been sustained to the plea, and that the judgment of the court below should be reversed.